IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIELLE LONG, | : | No. 4:15-CV-2404 |
| | : | |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL | : | |
| AUTOMOBILE INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

July 8, 2016

## I. BACKGROUND

Plaintiff, Danielle Long (hereinafter "Long"),  was in an automobile accident in Centre County, Pennsylvania.  She was named as an insured on a policy issued by Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm").   After State Farm denied Long's request for benefits under the uninsured motorist coverage provision of the policy, Long brought the instant civil action.

Long is proceeding on a two-count amended complaint: Count I is a breach of contract - uninsured motorist claim; Count II is a bad faith claim pursuant to

Pennsylvania law.   State Farm moved for partial dismissal of the complaint, asking the Court to dismiss Count II, the bad faith claim, and also asking the Court to strike the references to compensatory damages and breach of fiduciary duty noted in Count II.

## II. DISCUSSION

### A.  Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." Such a motion "tests the legal sufficiency of a pleading" and "streamlines litigation by dispensing with needless discovery and factfinding."[1]  "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[2]  This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[3]

Beginning in 2007, the Supreme Court of the United States initiated what some scholars have termed the Roberts Court's "civil procedure revival" by

---

[1]*In re Hydrogen Peroxide Litigation*, 552 F.3d 305, 316 n.15 (3d Cir. 2008) (Scirica, C.J.) (*quoting Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)). *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

[2]*Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding*, 467 U. S. 69, 73 (1984)).

[3]*Neitzke*, 490 U.S. at 327.

significantly tightening the standard that district courts must apply to 12(b)(6)

motions.[4]  In two landmark decisions, *Bell Atlantic Corporation v. Twombly* and

*Ashcroft v. Iqbal*, the Roberts Court "changed . . . the pleading landscape" by

"signal[ing] to lower-court judges that the stricter approach some had been taking

was appropriate under the Federal Rules."[5]  More specifically, the Court in these

two decisions "retired" the lenient "no-set-of-facts test" set forth in Conley v.

Gibson and replaced it with a more exacting "plausibility" standard.[6]

Accordingly, after Twombly and Iqbal, "[t]o survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'"[7]  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."[8]  "Although the

plausibility standard does not impose a probability requirement, it does require a

pleading to show more than a sheer possibility that a defendant has acted

---

[4]Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313 (2012).

[5]550 U.S. 544 (2007); 556 U.S. 662, 678 (2009), *Wasserman, supra* at 319-20.

[6]*Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that Twombly retired the Conley no-set-of-facts test").

[7]*Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570).

[8]*Iqbal,* 556 U.S. at 678.

3

unlawfully."[9]  Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[10]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]  No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[12]

When disposing of a motion to dismiss, a court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]."[13]  However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[14]  "After Iqbal, it is clear that conclusory or 'bare-bones'

---

[9]*Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159, at *3 (3d Cir. Jan. 11, 2016) (Jordan, J.) (internal quotations and citations omitted).

[10]*Twombly*, 550 U.S. at 556.

[11]*Iqbal*, 556 U.S. at 679.

[12]*Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).

[13]*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

[14]*Iqbal*, 556 U.S. at 678 (internal citations omitted).

4

allegations will no longer survive a motion to dismiss."[15]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[16]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[17]

With this standard of review in mind, I turn to the factual allegations of Plaintiff.

B.  Facts Alleged in the Second Amended Complaint

The procedural dictate when faced with a motion to dismiss is that the court is to accept the facts alleged as true.  "Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations."[18]

---

[15]*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.).

[16]*Iqbal*, 556 U.S. at 678.

[17]*Connelly*, 2016 WL 106159, at *4 (internal quotations and citations omitted).

[18]*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[19]   That said, the following are the facts alleged in the  amended complaint,[20] which are accepted as true for the purposes of the instant motion.

At approximately 11:00 p.m. on September 16, 2011, Long was operating a vehicle on Benner Pike Road in State College, Centre County, Pennsylvania.  Long reached the intersection of Benner Pike Road and Shiloh Road where the traffic control light was blinking red for her.  Long stopped her vehicle and looked in both directions.  As Long proceeded through the intersection, another vehicle traveling at a high rate of speed on Shiloh Road proceeding through the light, which was blinking yellow, and collided with the driver's side of Long's vehicle.

Long was severely injured.  She filed suit against the driver of the other vehicle, and the insurer for that motorist, Geico, settled for the full amount of that liability policy.  Long asserts, however, that the settlement amount was insufficient to provide for the extent of her damages and requested $80,000 of UIM benefits under her State Farm policy.  State Farm denied her request for UIM benefits claiming that the collision was caused solely by Plaintiff's negligence. Accordingly, State Farm moved for partial dismissal of the complaint and to strike

---

[19]*Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

[20]ECF No. 10.

portions of the amended complaint, as described herein.

There is no dispute that this policy was in effect at the time of the automobile accident.  The policy included uninsured motorist coverage (hereinafter "UIM") in the amount of $100,000 per person and $300,000 per accident.

## C.  Discussion

### 1.  Bad Faith: 42 Pa.C.S. 8371

A bad faith claim is brought in addition to a breach of contract claim against an insurer.  It allows a prosper plaintiff to punish the insurer for its unreasonable denial of the claim.  Pennsylvania's bad faith statute allows a plaintiff to recover interest, punitive damages, court costs and attorney fees if the insurer has acted in bad faith in handling the plaintiff's claim.[21]  This statute extends to an insurer's handling of UIM claims.[22]  To recover for a claim of bad faith, the plaintiff must demonstrate that: (1) the defendant did not have a reasonable basis for denying benefits under the policy; and (2) the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim.[23]

---

[21]42 Pa.C.S.A. § 8371.

[22]*See Padilla v. State Farm Mut. Auto. Ins. Co.*, 31 F.Supp.3d 671, 674-75 (E.D.Pa. 2014) (*citing Brown v. Progressive Ins. Co.*, 860 A.2d 493, 500 (Pa.Super. 2004)).

[23]*See Terletsky v. Prudential Property and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa.Super. 1994); s*ee also Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997).

In considering the first prong of this analysis, the "court should examine what factors the insurer considered in evaluating a claim.  Bad faith claims are fact specific and depend on the conduct of the insurer *vis à vis* the insured."[24]  Under the second prong of the analysis, mere negligence or bad judgment does not constitute bad faith.[25]  However, a showing of recklessness is sufficient to prove bad faith under the statute.[26]

Defendant asserts that Plaintiff has failed to plead sufficient facts of bad faith to survive *Twombly/ Iqbal* scrutiny.  Plaintiff asserts that she did plead facts that there was no reasonable basis to deny her claim, as the tortfeasor's insurer paid the claim in full to the extent of its policy limits.  She further asserts that State Farm committed bad faith by failing to investigate her claim, as its only investigation was a statement given by Long.

It is my view that this matter should at least survive to proceed to discovery on the issue.  This case is nearly identical to that of *Miezejewski v. Infinity Auto*

---

[24]*Padilla*, 31 F.Supp.3d at 675 (quoting *Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1143 (Pa.Super. 2006).

[25]*See Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir. 1994); *see also Condio*, 899 A.2d at 1143 (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa.Super. 2000)).

[26]*Id.*

8

*Ins. Co.*[27]   There, the plaintiff, Karen Miezejewski, was in the driver's seat of her

parked car when another driver backed into her vehicle.[28]   That driver's insurance

company settled for the policy's liability limit of $25,000, which was insufficient

to compensate Miezejewski for her injuries.[29]   That action was permitted to

proceed through discovery, (although, ultimately, on summary judgment motion,

judgment was granted in favor of the insurer, as no bad faith on the part of

defendant Infinity Auto Insurance Company was evidenced by clear and

convincing evidence).[30]   Accordingly, the bad faith claim survives the instant

motion to dismiss.

State Farm has also requested that this Court strike the request for

compensatory damages under the bad faith count.  This request is granted.  While

compensatory damages are appropriate under the breach of contract action, the

Pennsylvania bad faith statute only allows recovery for interest, punitive damages,

court costs and attorneys fees for bad faith claims.[31]

## 2.  *Breach of Fiduciary Duty*

---

[27]609 Fed. Appx. 69 (3d Cir. 2015) (not precedential).

[28]*Id.*

[29]*Id.*

[30]*Id.*

[31]42 Pa. C.S. § 8371.

Defendant further asserts that insofar as any claims are based on a breach of fiduciary duty, they should be dismissed as well because State Farm does not owe Long a fiduciary duty when she is making a claim for UIM benefits.  Long's brief indicates that "plaintiff has not asserted an independent claim for a breach of fiduciary duty[;] [s]he has merely described the relationship with those words."  In response, State Farm has requested that the words "fiduciary duty" be stricken from the complaint because it prejudices State Farm by having a heightened duty imposed on it.

"Typically, the purchase of insurance is considered an arm's-length transaction, in which the insurer incurs no fiduciary duty apart from those that may be defined in the contract for insurance."[32]  "There is simply no authority in Pennsylvania law for the proposition that the fiduciary relationship that exists between the insurer and the insured for purposes of protecting the insured from liability as a result of claims asserted against the insured by a third party, extends

---

[32]*Yenchi v. Ameriprise Fin., Inc.*, 2015 Pa. Super 195, 123 A.3d 1071, 1078 (2015), reargument denied (Nov. 19, 2015), appeal granted, 134 A.3d 51 (Pa. 2016) *See, e.g., Willow Inn, Inc. v. Public Serv. Mut. Ins. Co.*, 399 F.3d 224, 235- 236 (3d Cir.2005) (recognizing Pennsylvania policy that parties act at arm's-length when negotiating insurance contracts); *see also Wisniski v. Brown & Brown Ins. Co.*, 906 A.2d 571, 578-79 (Pa.Super.2006) (presuming that "or the great majority of [insurance] broker-client interactions, the relationship will not be so extremely one-sided as to be confidential").

to other areas of the policy."[33]  Because Plaintiff has acknowledged that she is not bringing a claim based on a fiduciary duty, State Farm's request, insofar as it is a motion to strike, is granted.

## III. CONCLUSION

For all of the foregoing reasons, the Defendant's Partial Motion to Dismiss will be granted in part and denied in part.  To the extent that the motion is to dismiss Count II, the bad faith claim, it is denied; to the extent that the motion is to strike references to a fiduciary duty on the part of State Farm, it is granted. Finally, to the extent that the motion is to strike the demand for compensatory damages from Count II, it is granted.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[33]*Albert v. Erie Ins. Exch.*, 2013 Pa. Super. 59, 65 A.3d 923, 930 (2013).